UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DAVID OPPENHEIMER,                          Case No. 1:20-cv-00128-MR

        Plaintiff,

v

DEREK L. ROWLEY; and
MOUNTAIN REALTY, LLC
d/b/a MOUNTAIN REALTY &
RENTALS
        Defendants,

## COMPLAINT AND JURY DEMAND

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Derek L. Rowley ("Rowley"), and Mountain Realty, LLC d/b/a Mountain Realty & Rentals ("MountainRR") (collectively, "Defendants") alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Rowley is an individual citizen of the State of North Carolina, as well as the owner, manager, member, registered agent, and/or other genre of principal of Mountain Realty, LLC. Rowley will receive actual notice of this filing by service upon him at 2120 Tynecastle Hwy, Banner Elk, North Carolina 28604, or wherever he may be found.

5. MountainRR is a North Carolina limited liability company and will receive actual notice of this Complaint by service upon its registered agent, The Great Train Robbery, LLC., at its registered office, 2120 Tynecastle Hwy, Banner Elk, North Carolina 28604.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in photograph discovered by Oppenheimer (the "Work"). Attached hereto as **Exhibit 1**, and shown below:



7. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://performanceimpressions.com.

8. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration for the registration for the Work entitled "Photography by David Oppenheimer from Winter of 2013," Registration No. VAu 1-132-213.

9. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registered photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

10. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case, when published,

prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was copyright-protected.

11.     Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and publishing (or directing others to do so) his protected Work on Defendants' website [www.mountainrr.com](www.mountainrr.com) in order to advertise, market, sell, and/or rent at least eight (8) different vacation properties in western North Carolina. See **Exhibit 3**. Additionally, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and distributing (or directing others to do so) his protected Work to at least four (4) other websites and on at least on 14 separate URLs. See **Exhibit 4**.

12.     Upon information and belief, one or more of the Defendants, or someone on their behalf, located and accessed Oppenheimer's Work on his website, http://www.performanceimpressions.com, or through a Google image search, scraped the image, and uploaded it to the MountainRR website and then distributed it to the other vacation rental services, such as vrbo.com, bedrooomvillas.com, homeaway.com,[1] and rentalhomes.com.

13.     Oppenheimer's attorney sent Defendants an email about their infringement of the copyrighted Work, and requested information about the nature and extent of their infringing activities (**Exhibit 5**).

---

[1] Despite Oppenheimer making numerous requests to Defendants to remove all instances of infringements, Oppenheimer's Copyrighted Work is still being displayed online at the following URL's:

- https://odis.homeaway.com/odis/listing/ad8d7330-9629-491a-bf17-c26fff95b36c.c10.jpg
- https://odis.homeaway.com/odis/listing/ad8d7330-9629-491a-bf17-c26fff95b36c.c8.jpg

14. Thereafter, Oppenheimer's attorney made several attempts to engage Defendants in settlement negotiations, but they refused to do so.

## CAUSES OF ACTION
### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16. Defendants, without knowledge or intent, have infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

17. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

### COUNT II – RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

19. Alternatively, Defendants recklessly or willfully infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

20. Because Oppenheimer's Work at issue in this case, when published, prominently displayed his CMI on its face with a watermark, as well as embedded in the metadata of the Work, Defendants were on notice that the Work was copyright-protected, yet they infringed it anyway.

21. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22. Oppenheimer re-alleges and incorporates paragraphs 1 - 21 hereinabove as if recited *verbatim*.

23. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time the infringing acts were performed, Rowley was the manager, realtor, member, registered agent, and/or other genre of principal of MountainRR.

24. On information and belief, Rowley controlled nearly all decisions of MountainRR, and was the dominant influence in the company. Rowley provided hands-on decision making with respect to the activities of the company, making most if not all of the decisions. Rowley therefore had the right and ability to supervise and/or control the infringing conduct of MountainRR, and/or to stop the infringements once they began. Upon information and belief, Rowley had obvious and direct financial interests in the infringing activities of MountainRR.

25. Accordingly, Rowley is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the infringing activities of MountainRR.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26. Oppenheimer re-alleges and incorporates paragraphs 1 – 25 above as if recited *verbatim*.

27. Alternatively, Rowley has caused, enabled, facilitated, and/or materially

contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements; and/or he has refused to exercise his right and/or ability to stop the infringement(s) after they began.

28. On information and belief, Rowley controlled nearly all decisions of MountainRR, and was the dominant influence in the company. Rowley provided hands-on decision making with respect to the activities of the company, set and controlled the companies' policies and protocols, and established company rules and cultures which appear to have allowed or even encouraged the infringing activities. Additionally, Rowley had the right and ability to supervise and/or control the infringing conduct of MountainRR, and/or to stop the infringements once they began. However, he either refused to exercise such rights, or he chose to remain blind to the infringing activities, all while maintaining a work environment that allowed them. Additionally, upon information and belief, Rowley had obvious and direct financial interests in the infringing activities of MountainRR.

29. Accordingly, Rowley is personally liable to Oppenheimer as a contributory infringer for the infringing activities of MountainRR.

## CAUSATION/DAMAGES

30. As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

## RELIEF REQUESTED

31. Oppenheimer demands an accounting by Defendants of their infringing activities, and disgorgement of their gross profits, and/or all other benefits attributable to said infringements.

32. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements

33. Alternatively -- and at Oppenheimer's post jury verdict election -- because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to, and seeks the recovery of statutory damages, up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs, including Lodestar Costs, pursuant to 17 U.S.C. § 504(c) and §505.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

34. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing and/or otherwise distributing any of his photographic images, and from using his images in sales, marketing, and/or advertising;

35. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

36. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

37. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken

into account in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

38. In the alternative, at Oppenheimer's election after jury verdict, that Defendants be ordered to pay the maximum statutory damages of $150,000 pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem proper;

39. That Defendants be ordered to pay to Oppenheimer all of his Lodestar costs including attorney's fees; *and*

40. That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including prejudgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,

*/s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No. 12188250
1225 North Loop W.
Suite 825
Houston, Texas 77008
Tel.: 713.942.9898
Fax: 713.942.9899
dlejune@triallawyers.net

COUNSEL FOR PLAINTIFF
DAVID OPPENHEIMER